IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OMAR SHARIF LITTLE** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-5361 |
| | : | |
| **CITY AND COUNTY OF** | : | |
| **PHILADELPHIA, et al.** | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                      **July 3, 2008**

Plaintiff Omar Shariff Little ("Plaintiff") brings this action against Defendants City of Philadelphia, Police Detective Morton, and Police Detective Gross (collectively, "Defendants") alleging federal claims of racial and gender discrimination (Count One), conspiracy (Count Two), and false arrest and false imprisonment (Count Four), in violation of 42 U.S.C. §§ 1983 ("Section 1983"), 1985(3) ("Section 1985"), and 1986 ("Section 1986"), as well as state law claims of intentional infliction of emotional distress (Count Three), false arrest and false imprisonment (Count Four), and invasion of privacy and false light (Count Six).[1]  Now before

---

[1] Plaintiff's federal claims also reference 42 U.S.C. § 1981 ("Section 1981") and 42 U.S.C. § 1988 ("Section 1988").  As the Third Circuit explained in a non-precedential opinion, the Supreme Court has ruled that "the express action at law provided by § 1983 for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor."  Oaks v. City of Phila., 59 Fed. Appx. 502, 503 (quoting Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 735 (1989)); see also McGovern v. City of Phila., 2008 WL 269498, at *2 (E.D. Pa. Jan. 30, 2008) (noting that some Circuits have held that a post-Jett amendment to Section 1981 allows claims against state actors, but that the Third Circuit's opinion in Oaks "indicates the panel's belief that Jett remains good law").  In other words, Section 1981 "does not provide a cause of action against state actors."  McGovern, 2008 WL 269498, at *3.  Accordingly, to the extent Plaintiff purports to bring any racial discrimination claims pursuant to Section 1981, the Court will merge those claims with his Section 1983 claims.  See, e.g., Carleton v. City of Phila., 2007 WL 633279, at *5 (E.D. Pa. March 30, 2004) ("Plaintiff's § 1981 claims will be merged with her § 1983 claims, but will not be dismissed."); Jacobs v. City of Phila., 2004 WL 241507, at *4 (E.D. Pa. Jan. 29, 2004)

the Court is Defendants' Motion to Dismiss.[2]  For the reasons that follow, the Motion will be granted in part and denied in part, and Plaintiff shall have thirty days in which to file an Amended Complaint consistent with this Memorandum.

## I.     BACKGROUND

Accepting the allegations of Plaintiff's pleadings as true and drawing all inferences in his favor, the relevant facts are as follows: on December 16, 2004, Defendant Morton swore out an Affidavit of Probable Cause for an arrest warrant alleging that Plaintiff had committed a homicide in Philadelphia, Pennsylvania.  Compl. ¶ 7.  On January 19, 2005, Defendant Gross arrested Plaintiff in connection with this arrest warrant.  Id. ¶ 10.  Plaintiff remained in custody from the time of his arrest until December 21, 2005 when he was released on bail.  Id. ¶ 20.  On February 13, 2006, all charges against him were dropped.  Id.  He filed the instant lawsuit on December 20, 2007.

## II.    LEGAL STANDARD

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court is required "to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to

---

("Plaintiff's § 1981 claim will not be dismissed, but will be treated as merged into his § 1983 claim.").

"Section 1988 does not itself create any substantive right or cause of action ... rather it operates to make available to Plaintiff[] a method of enforcing the Defendants' liability for actions taken against [him]."  Davis v. Twp. of Paulsboro, 421 F. Supp. 2d 835, 845 n.20 (D.N.J. 2006) (citations omitted); see also Doe v. Allentown Sch. Dist., 2007 WL 2814587, at *7 n.7 (E.D. Pa. Sept. 21, 2007).  Accordingly, to the extent Plaintiff purports to bring any causes of action under Section 1988, those claims are not cognizable and will be dismissed.

[2]     Count Five of Plaintiff's Complaint alleges malicious prosecution.  Defendants have not moved to dismiss this claim.

the non-moving party." Rocks v. City of Phila., 868 F.2d 644, 645 (3d Cir. 1989). In deciding a 12(b)(6) motion, "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). "To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007) (citations omitted in original) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)).

## III. ANALYSIS

Defendants argue that all of Plaintiff's federal claims except the malicious prosecution claim, as well as his state law claims for intentional infliction of emotional distress, false arrest and false imprisonment, and invasion of privacy-false light must be dismissed because they are barred by the applicable statutes of limitations. The Court notes that Plaintiff's federal claims each refer to a laundry list of Constitutional Amendments and federal statutes without providing a "short and plain statement" explaining how many of the seemingly inapplicable provisions are relevant to this case.[3] Accordingly, the Court will address the statute of limitations only for those

---

[3] For example, Count One, which alleges racial and gender discrimination, states that "Defendants agreed to act under the color of state law, knowingly, intentionally, willfully, maliciously, wantonly, negligently, recklessly, and with deliberate indifference, in concert and conspiracy with each other and others to violate Plaintiff's constitutional rights under the First, Fourth, Ninth, Thirteen[th] and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. §§ 1981, 1983, 1985(3), 1986 and 1988 and other federal laws because Plaintiff is African-American and male." Plaintiff's Complaint fails to explain how the First or Fourth Amendments are applicable to his claims of racial and gender discrimination. Moreover, the Ninth Amendment "does not confer substantive rights in addition to those conferred by other portions of our governing law, and does not independently secure a constitutional right for purposes of pursuing a civil rights claim." Basile v. Elizabethtown Area Sch. Dist., 61 F. Supp.

provisions relevant on the face of the Complaint when determining which of his federal claims will be dismissed.[4]

### A.   Federal Claims

Claims brought pursuant to Section 1983[5] and Section 1985[6] are subject to the state

---

2d 392, 403 (E.D. Pa. 1999) (citations omitted).  In addition, the Complaint lacks allegations of conduct that could be construed as "involuntary servitude" under the Thirteenth Amendment. See Johnson v. Anhorn, 334 F. Supp. 2d 802, 806-07 (E.D. Pa. 2004) ("Because plaintiffs have failed to allege any conduct that could arguably be interpreted as involuntary servitude, their § 1983 claims under the Thirteenth Amendment must be dismissed.").  Plaintiff's other federal claims suffer from similar deficiencies.

[4]   To the extent Plaintiff, who is represented by counsel, wishes to pursue claims under provisions that he referenced in the Complaint but that are not considered in this Memorandum due to the lack of supporting allegations, he should identify clearly the factual allegations that form the basis for these claims in an Amended Complaint. "Simply stated, it is not the duty of this Court to sift through the ... Complaint ... to determine whether [the plaintiff] has any viable claim under the laundry list of constitutional provisions his counsel has alleged." Santiago v. City of Vineland, 107 F. Supp. 2d 512, 560 (D.N.J. 2000); see also, e.g., Bell v. Brennan, 570 F. Supp. 1116, 1119 (E.D. Pa. 1983) ("Plaintiff contends that her First, Fourth, Fifth and Fourteenth Amendment rights have been violated by the alleged acts of malicious prosecution. These claims are redundant of those brought under the civil rights statutes. Moreover, they lack the requisite specificity.").

[5]   42 U.S.C. § 1983 provides in relevant part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

[6]   42 U.S.C. § 1985(3) provides in relevant part that:

> If two or more persons in any State or Territory conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal

statute of limitations that governs actions for personal injury.  See, e.g., Ormsby v. Luzerne County Dep't of Pub. Welfare Office of Human Servs., 149 Fed. Appx. 60, 62 (3d Cir. 2005) (specifying statute of limitations for claims brought pursuant to Sections 1983 and 1985); Jordan v. Crandley, 1999 WL 718616, at *2 (E.D. Pa. Sept. 7, 1999) (specifying statute of limitations for claims brought pursuant to Sections 1983 and 1985).  Pennsylvania's statute of limitations for personal injury claims is two years; therefore, a plaintiff has two years from the time his Section 1983 and Section 1985 claims accrue to institute a lawsuit.  See 42 P.S. § 5524; see also, e.g., Ormsby, 149 Fed. Appx. at 62 ; Jordan, 1999 WL 718616, at *2.  In contrast, claims brought pursuant to Section 1986[7] are subject to a one-year statute of limitations.  See 42 U.S.C. § 1986 ("[N]o action under the provisions of this section shall be sustained which is not commenced

---

    privileges and immunities under the laws... in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

[7]    42 U.S.C. § 1986 provides in relevant part that:

    Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action.

within one year after the cause of action has accrued."); Ormsby, 149 Fed. Appx. at 62; Jordan, 1999 WL 718616, at *2. "A cause of action filed under §§ 1981, 1983, 1985 or 1986 accrues 'when the plaintiff knows or should know that his or her constitutional rights have been violated.'" Jordan, 1999 WL 718616, at *2 (citation omitted); see also Ormsby, 149 Fed. Appx. at 62 ("A cause of action accrues when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action." (citation omitted)).

### 1. False Arrest and False Imprisonment Claims

Plaintiff's false arrest and false imprisonment claims allege violations of his Fourth Amendment rights under Section 1983. "In a section 1983 claim for false arrest, the plaintiff has 'reason to know of the injury' on the date of arrest, and thus, the cause of action accrues on that date." Johnson v. City of Phila., 1997 WL 152790, at *2 (E.D. Pa. Mar. 28, 1997) (citation omitted). Similarly, in a Section 1983 claim for false imprisonment, a plaintiff usually has reason to know of his injury on the date of arrest, and thus, the cause of action usually accrues on that date. Id. (citations omitted). Plaintiff was arrested on January 19, 2005. Thus, the limitations period on his false arrest and false imprisonment claims began to run on that date and expired two years later on January 19, 2007. Since Plaintiff did not file his Complaint until December 20, 2007, his false arrest and false imprisonment claims are time barred.[8]

### 2. Racial and Gender Discrimination Claims

The Court understands Plaintiff's racial and gender discrimination claims to allege a denial of his Fourteenth Amendment equal protection rights, in violation of Section 1983. The

---

[8] To the extent Plaintiff is alleging that Defendants conspired to commit false arrest and false imprisonment, those claims will be addressed infra.

crux of his discrimination claims is that "[f]or many years, homicide detectives, police officers and assistant district attorneys in Philadelphia County have wrongfully charged, arrested and imprisoned innocent African-American men like Plaintiff." Compl. ¶ 22.  Thus, based on the allegations in the Complaint, the event giving rise to the allegedly discriminatory conduct in this case was Plaintiff's January 19, 2005 arrest.  These claims are subject to the same two-year statute of limitations as other Section 1983 claims.  Therefore, Plaintiff had until January 19, 2007 to file his discrimination claims, but failed to do so.  Accordingly, his racial and gender discrimination claims are time barred and will be dismissed.

### 3.     Conspiracy Claims

Claims alleging a civil rights conspiracy can be brought under Section 1983, Section 1985, and Section 1986.  The filing deadline for a civil rights conspiracy claim "runs from *each* overt act causing damage," and "for *each* act causing injury, a claimant must seek redress within the prescribed limitations period."  Wells v. Rockefeller, 728 F.2d 209, 217 (3d Cir. 1984) (emphasis added) (noting that for criminal conspiracies the limitations period does not begin to run until the commission of the last overt act of the conspiracy, but that the rule is different for civil conspiracies because "[i]n the civil case, actual injury is the focal point, not the illegal agreement per se, as is true in the criminal context" (citation omitted)); see also Jones v. Middletown Twp., 253 Fed. Appx. 184, 187 (3d Cir. 2007) (rejecting the argument that the statute of limitations for a civil conspiracy claim does not begin to run until the commission of the last overt act that the plaintiff alleges to be part of the conspiracy, and holding that "[t]he statute of limitations begins to run at the time the claim accrues; time-barred claims cannot be resurrected by being aggregated and labeled 'continuing violations'");  Jackson-Gilmore v.

Dixon, 2005 WL 3110991, at *5 (E.D. Pa. Nov. 18, 2005) (citing Wells, 728 F.2d at 217; Kost v. Kozakiewicz, 1 F.3d 176, 191 (3d Cir. 1993)).

It is not clear from Plaintiff's Complaint which overt acts support his conspiracy allegations, whether he is asserting more than one civil rights conspiracy, or how long the alleged conspiracy or conspiracies lasted.[9]  However, since civil rights conspiracy claims, whether based on Section 1983 or Section 1985, have a two-year statute of limitations, Plaintiff unquestionably is time barred from asserting any conspiracy claims based on overt acts occurring prior to December 20, 2005.[10]  See, e.g., Rose v. County of York, 2007 WL 136682, at *5 (E.D. Pa. Jan. 12, 2007) ("Section 1983 or [S]ection 1985 conspiracy claims are also subject to Pennsylvania's two-year statute of limitations for personal injury actions, and a plaintiff must seek redress within the limitations period for each act causing injury.").  If Plaintiff is asserting a civil conspiracy or conspiracies based on overt acts that occurred after December 20, 2005, he may have viable a

---

[9] Regardless of whether Section 1983, Section 1985, or Section 1986 is cited, "[a] general allegation of conspiracy without a statement of the facts is insufficient." Jakimowicz v. City of Phila., 2008 WL 383329, at *2 (E.D. Pa. Feb. 12, 2008) (citing Maples v. Boyd, 2004 WL 1792775, at *8 (E.D. Pa. Aug. 9, 2004)). "[T]he plaintiff must plead the facts constituting the conspiracy, its object and accomplishment." Id. (quoting Maples, 2004 WL 1792775, at *8). "Only allegations of conspiracy which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and certain actions of the alleged conspirators taken to achieve that purpose, will be deemed sufficient." Maples, 2004 WL 1792775, at *8 (quoting Rose v. Bartle, 871 F.3d 331, 366 (3d Cir. 1989)).

[10] Thus, for example, Plaintiff is time barred from asserting a conspiracy claim based on his January 19, 2005 arrest. See, e.g., Alvin v. Ryan, 2008 WL 2446808, at *2 (E.D. Pa. June 16, 2008) (stating that the plaintiff "failed to file suit within two years and therefore his claims for false arrest, false imprisonment, and conspiracy based on those actions are barred by the statute of limitations").

claim under Sections 1983 and 1985.[11]  Accordingly, the Court will grant Plaintiff leave to file an Amended Complaint with a more definite statement of any civil rights conspiracy claim or claims based on overt acts occurring after December 20, 2005, if he responsibly can do so.

With respect to Plaintiff's Section 1986 conspiracy claim, the latest possible date on which any conduct underlying this claim could have occurred is February 13, 2006, when all claims against him were dismissed.  See Compl. ¶ 20.  Since Plaintiff did not file his Complaint until December 20, 2007, any Section 1986 claims he seeks to advance are outside the one-year statute of limitations explicitly prescribed in that statute and must be dismissed.

### B.    State Law Claims

Plaintiff's state law claims for intentional infliction of emotional distress, false arrest and false imprisonment are subject to a two-year statute of limitations, while his claims for invasion of privacy and false light are subject to a one-year statute of limitations.  See 42 P.S. §§ 5523, 5524; see also Johnson, 1997 WL 152790, at *4; Jones v. Middletown Twp., 2006 WL 1805995, at *2 (E.D. Pa. June 21, 2006).  Based on the facts alleged in the Complaint, the incident giving rise to Plaintiff's claims for intentional infliction of emotional distress, false arrest and false imprisonment was his arrest on January 19, 2005.  See, e.g., Molina v. City of Lancaster, 159 F. Supp. 2d 813, 819 (E.D. Pa. 2001) (citation omitted) (noting that false arrest and false imprisonment claims accrue on the night of an arrest); Marrero v. City of Phila., 1997 WL 438828, at *1 (E.D. Pa. July 29, 1997) ("Plaintiff's state law claims such as negligence, false

---

[11]    For example, the statute of limitations on a malicious prosecution claim does not begin to run until the underlying criminal proceedings are terminated in the plaintiff's favor, and the same is true for a civil rights conspiracy claim involving alleged malicious prosecution.  See, e.g., Wiltz v. Middlesex County Office of Prosecutor, 249 Fed. Appx. 944, 949 (3d Cir. 2007) (citation omitted).

imprisonment, abuse of process, and intentional infliction of emotional distress are also subject to the two year statute of limitations period, likewise beginning at the time of the arrest."); Johnson, 1997 WL 152790, at *3 (finding that the incident giving rise to the plaintiff's false imprisonment, abuse of process, intentional infliction of emotional distress, and negligence claims was her arrest); Napier v. City of New Castle, 2007 WL 1965296, at *7 (W.D. Pa. July 3, 2007) ("[I]t appears that the statute of limitations on plaintiff's claim for intentional infliction of emotional distress accrued on the date of plaintiff's arrest and incarceration." (citations omitted)). Accordingly, since Plaintiff did not file his Complaint until December 20, 2007, his state law claims for intentional infliction of emotional distress, false arrest and false imprisonment are time barred.

It is not clear from the Complaint which factual assertions form the basis of Plaintiff's invasion of privacy and false light claims. However, any assertion on which he bases those claims must have occurred prior to February 13, 2006, the date on which all the charges against him were dismissed. Therefore, since invasion of privacy and false light claims have a one-year statute of limitations and Plaintiff did not file his Complaint until December 20, 2007 – more than a year after the date the charges were dismissed – his invasion of privacy and false light claims are time barred.

**C.    Plaintiff's Response**

Plaintiff's two-page Response, which does not cite a single legal authority, asserts that his Complaint "was timely filed pursuant to the continuing violation doctrine and the discovery

rule."[12] Plaintiff bears the burden of demonstrating that these doctrines apply. See Larsen v. State Employee's Ret. Sys., 2008 WL 2064965, at *10 (M.D. Pa. May 15, 2008) ("The burden is on the plaintiff to demonstrate that the continuing violations doctrine applies to toll the statute of limitations." (citing Cowell v. Palmer Twp., 263 F.3d 286, 292 (3d Cir. 2001)); Mest, 449 F.3d at 511 ("[A] plaintiff attempting to apply the discovery rule bears the burden of demonstrating that he exercised reasonable diligence in determining the existence and cause of his injury." (citation omitted)). However, the Response does not support the application of these doctrines in this case. Accordingly, Plaintiff has not met his burden.

## IV. CONCLUSION

For the aforementioned reasons, Defendants' Motion will be granted in part and denied in part, and Plaintiff shall have thirty days in which to file an Amended Complaint. An appropriate Order follows.

---

[12] The continuing violation doctrine provides that "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance the court will grant relief for the earlier related acts that would otherwise be time barred." Seawright v. Greenberg, 233 Fed. Appx. 145, 149 (3d Cir. 2007) (citation omitted). The discovery rule "tolls the accrual of the statute of limitations when a plaintiff is unable, despite the exercise of due diligence, to know of the injury or its cause." Mest v. Cabot Corp., 449 F.3d 502, 510 (3d Cir. 2006) (citation and internal quotation marks omitted).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OMAR SHARIF LITTLE** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 07-5361** |
| | : | |
| **CITY AND COUNTY OF** | : | |
| **PHILADELPHIA, <u>et al.</u>** | : | |

### ORDER

    **AND NOW**, this 3rd day of July, 2008, upon consideration of Defendants' Motion to Dismiss (docket no. 2) and Plaintiff's Response thereto (docket no. 5), and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion is **GRANTED in part and DENIED in part**. Accordingly, the following claims are **DISMISSED**:

    (1)    Plaintiff's federal claims for racial and gender discrimination (Count One);

    (2)    Plaintiff's federal civil rights conspiracy claims under 42 U.S.C. §§ 1983, 1985 that are based on overt events occurring prior to December 20, 2005;

    (3)    Plaintiff's federal conspiracy claims under 42 U.S.C. § 1986;

    (4)    Plaintiff's state law claim for intentional infliction of emotional distress (Count Three);

    (5)    Plaintiff's federal and state law claims for false arrest and false imprisonment (Count Four); and

    (6)    Plaintiff's state law claims for invasion of privacy and false light (Count Six).

It is **FURTHER ORDERED** that Plaintiff shall have thirty (30) days from the date of this Order to file an Amended Complaint consistent with this Court's attached Memorandum.

                                    **BY THE COURT:**

                                    _/s/ Bruce W. Kauffman_

                                    **BRUCE W. KAUFFMAN, J.**